UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON

Eastern District of Kentucky
FILED
JAN 15 2004
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

MICHAEL H. WEISSER,
801 N.E. 167th Street, 2nd Floor
North Miami Beach, FL 33162

    PLAINTIFF,

V.

CP HAZARD ASSOCIATES LIMITED PARTNERSHIP,
6312 Kingston Pike     SERVE:    C T Corporation System
Suite C                                                  Kentucky Home Life Bldg.
Knoxville, TN 37919                     Louisville, Kentucky 40202

and

WAL-MART REAL ESTATE BUSINESS TRUST,
702 S.W. 8th Street       SERVE:    CSC-Lawyers Inc.
Bentonville, AR 72716                    Services Co.
                                                                        421 W. Main Street
                                                                        Frankfort, Kentucky 40601

    DEFENDANTS.

## AMENDED COMPLAINT

The Plaintiff, Michael H. Weisser ("Weisser"), for his complaint against Defendants, CP Hazard Associates Limited Partnership ("CPH") and Wal-Mart Real Estate Business Trust ("Wal-Mart"), pleads as follows:

### NATURE OF CASE

1.     This civil action is brought pursuant to Title 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Weisser seeks declaratory relief as to his rights and obligations with regard to a "Purchase Agreement" entered into by Weisser and Defendant CPH for the purchase of real property. Defendant CPH's failure to honor the

Purchase Agreement constitutes a breach of contract. An actual controversy now exists between the parties.

### PARTIES

2. Upon commencement of this action and at all times relevant, Weisser was a resident of North Miami Beach, Florida.

3. Upon commencement of this action and at all times relevant, the Defendant CPH was a limited partnership organized and existing under the laws of the Commonwealth of Kentucky, and is engaged in the business of real estate management and commercial construction, and has its principal place of business at 6312 Kingston Pike, Suite C, Knoxville, Tennessee 37919.

4. Upon commencement of this action and at all times relevant, the Defendant Wal-Mart was a business trust organized and existing under the law of Delaware and has its principal place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

### JURISDICTION

5 As stated above, there is and was at all times relevant complete diversity of citizenship between the parties upon commencement of this action and at all times relevant to this action.

6 The Purchase Agreement entered into between Weisser and CPH was for the purchase of certain commercial property located in Hazard, Perry County, Kentucky, and the amount in controversy between the parties exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.



FARMER, KELLEY,
BROWN & WILLIAMS
ATTORNEYS AT LAW
02 W. FIFTH STREET • P.O. DRAWER 490
LONDON, KENTUCKY 40743-0490

2

7. Based upon the foregoing allegations, this Court would have jurisdiction over this subject matter in this action pursuant to Title 28 U.S.C. § 1332.

## VENUE

8. As stated above, there is now existing between the parties involved in this proceeding an actual justiciable controversy involving real property located in Hazard, Perry County, Kentucky, in which Weisser is entitled to have a declaration of his rights and further relief, including a mandatory injunction and specific performance due to the facts, conditions, and circumstances as subsequently set forth in this complaint.

9. Based upon the foregoing allegations, this Court would be the proper venue for the filing of this action.

## STATEMENT OF FACTS

10. On or about November 27, 2002, CPH and the Wal-Mart entered into a Lease Agreement ("the Wal-Mart Lease") under which Wal-Mart leased from CPH certain real estate, buildings, and improvements ("Demised Premises") located in Hazard, Perry County, Kentucky. A copy of the Wal-Mart Lease and its exhibits is attached hereto as "Exhibit A" and incorporated by reference. Wal-Mart prepared the Wal-Mart Lease.

11. Contained in the Wal-Mart Lease at Paragraph 32, Section N on page 19, is a provision that provides as follows:

> In the event Lessor enters into an agreement to sell the Demised Premises to an unrelated third party (said agreement is hereafter referred to as the "Sales Agreement"), it shall give Lessee a Right-of-First-Refusal to purchase the Demised Premises, on the same terms and conditions provided in the Sales Agreement. Lessee shall have twenty (20) days after receipt of a copy such agreement to exercise such right, which Lessee shall do by executing and delivering to Lessor an agreement containing the same business terms and conditions as the Sales Agreement. If Lessee shall not deliver such executed



FARMER, KELLEY,
BROWN & WILLIAMS
ATTORNEYS AT LAW
42 W. FIFTH STREET • P.O. DRAWER 490
LONDON, KENTUCKY 40743-0490

3

agreement to Lessor within such twenty (20) days, then Lessee shall be deemed to have failed to exercise such right with respect to the Sales Agreement.

12.    Pursuant to this Wal-Mart Lease provision, Wal-Mart would have twenty (20) days after receiving a copy of such Sales Agreement to exercise its Right-of-First-Refusal, which it would do by executing and delivering to CPH an agreement "containing the same business terms and conditions" as the Sales Agreement.

13.    On or about October 28, 2003, Weisser and CPH entered into an Agreement of Purchase and Sale whereby CPH agreed to sell and convey to Weisser the same Demised Premises located in Hazard, Perry County, Kentucky, which were the subject of the Wal-Mart Lease. A copy of the Agreement of Purchase and Sale is attached hereto as "Exhibit B" and incorporated by reference within numerical paragraph 11 of this complaint.

14.    The Agreement of Purchase and Sale (Exhibit B) constituted a bona fide offer to purchase as provided for under the terms of the Wal-Mart Lease, Section N as described above.

15.    The Agreement of Purchase and Sale between Weisser and CPH made reference to the provision in the Wal-Mart Lease with respect to Wal-Mart's option and thus contains a provision (the language of which was drafted by seller) entitled "Right-of-First-Refusal", which recites that Wal-Mart has a right-of-first-refusal to purchase the Demised Premises as specified and outlined in the Wal-Mart Lease (Exhibit A). Pursuant to such right-of-first-refusal to purchase the Demised Premises, Wal-Mart was required to make a mirror offer; that is, on the "same business terms and conditions" as contained in the bona fide offer to purchase from the purchaser.



FARMER, KELLEY, BROWN & WILLIAMS
ATTORNEYS AT LAW
02 W. FIFTH STREET • P.O DRAWER 490
LONDON, KENTUCKY 40743-0490

16. On or about November 11, 2003, Weisser received a phone call from CPH advising that Wal-Mart had submitted a counteroffer to purchase the Demised Premises. Attached hereto and incorporated by reference herein is a copy of a partially executed Purchase Agreement ("Exh. C"), which represents a proposed purchase by Wal-Mart of the Demised Premises from CPH. Weisser immediately requested that CPH provide him with a copy of the proposed contract from Wal-Mart in order to review the terms and conditions of the Wal-Mart proposal. Weisser received and reviewed the Wal-Mart proposal contract.

17. The proposed Purchase Agreement between Wal-Mart and CPH does not contain the same business terms and conditions as the Agreement of Purchase and Sale between Weisser and CPH. In fact, the Wal-Mart offer falls far short of the beneficial terms in favor of the seller than are contained in the Weisser/CPH contract versus the Wal-Mart/CPH contract, and as such the proposal by Wal-Mart does not meet even a minimum criteria to constitute a valid exercise of the right-of-first-refusal granted to Wal-Mart in the Wal-Mart Lease. As examples of how the contracts differ, and how onerous the Wal-Mart proposal is as compared to the Weisser proposal, are the following:

A. Under the Wal-Mart proposal, Wal-Mart has a sixty (60) day right of inspection and may withdraw from the contract anytime during the sixty (60) days. In the Weisser contract, however, there is no inspection period, Weisser having accepted the premises and the condition of title unconditionally.

B. Wal-Mart provides that if, in fact, Wal-Mart defaults under the contract with CPH, that the contract is cancelled. The Weisser contract provides



FARMER, KELLEY,
BROWN & WILLIAMS
ATTORNEYS AT LAW
02 W. FIFTH STREET • P.O. DRAWER 490
LONDON, KENTUCKY 40743-0490

5

that Weisser's $500,000.00 good faith deposit is forfeited to CPH in the event of a default by Weisser.

C. The Wal-Mart contract requires CPH to make representations regarding the environmental condition of the property now and in the future and requires that CPH remain obligated for any costs necessary to remediate the environmental problems. The Weisser contract does not require CPH to make any environmental representations, nor does it place any liability on CPH to remediate any environmental problems now or in the future.

D. Under the Wal-Mart proposal, Wal-Mart proposes to put $500,000.00 up in a deposit or in a letter of credit, but in favor of an estoppel agent. Under the Weisser proposal, Weisser has executed and delivered to CPH a $500,000.00 Irrevocable Letter of Credit.

18. While there are numerous other instances in which the contracts diverge, the above examples represent some of the major differences, and clearly mandate that Wal-Mart has failed to make a proper bona fide offer as required by Wal-Mart's own language and terminology in the option that Wal-Mart drafted. Thus, Wal-Mart's counteroffer should be rejected and the Weisser contract given full force and effect by this court.

19. Immediately after receiving the Wal-Mart proposal, and twenty (20) days having expired from the time of the contract between Weisser and CPH was executed, Weisser delivered to CPH the $500,000.00 Irrevocable Letter of Credit in favor of CPH in the form which the seller, CPH, approved (a copy of which is attached hereto and incorporated herein as "Exhibit D"), and also notified CPH that it was Weisser's belief


FARMER, KELLEY,
BROWN & WILLIAMS
ATTORNEYS AT LAW
102 W. FIFTH STREET • P.O. DRAWER 490
LONDON, KENTUCKY 40743-0490

that the Wal-Mart proposal did not comform with the requirements of the buy/sell option granted to Wal-Mart in the Wal-Mart Lease (See "Exhibit E" attached hereto).

## COUNT I
### (DECLARATION OF RIGHTS)

20. Weisser adopts, reiterates, and incorporates by reference all facts and allegations contained in paragraphs 1 through 19 above.

21. Weisser has notified CPH that CPH's execution of the Purchase Agreement with Wal-Mart is an invalid exercise of the Right-of-First-Refusal granted to Wal-Mart in the Wal-Mart Lease, and that CPH should proceed to honor and comply with the terms of the Agreement of Purchase and Sale.

22. CPH has refused, and continues to refuse, to comply with the terms of the Agreement of Purchase and Sale between Weisser and CPH.

23. CPH has advised that it intends to proceed to convey and transfer the Demised Premises pursuant to an agreement with Wal-Mart.

24. Weisser has performed all of the conditions of the Agreement of Purchase and Sale that are required to be performed by Weisser and/or to otherwise require CPH's performance under their Agreement of Purchase and Sale.

25. An actual controversy has arisen and now exists between Weisser and Defendants regarding their respective rights and duties under the Agreement of Purchase and Sale between Weisser and CPH, and the unexecuted Purchase Agreement between CPH and Wal-Mart.

26. Weisser desires a judicial determination of his rights and duties under the Agreement of Purchase and Sale, and a declaration as to the validity of the Purchase



FARMER, KELLEY,
BROWN & WILLIAMS
ATTORNEYS AT LAW
02 W. FIFTH STREET • P.O. DRAWER 490
LONDON, KENTUCKY 40743-0490

7

Agreement between Defendants, pursuant to the Right-of-First-Refusal terms in the subject agreements.

## COUNT II
### (SPECIFIC PERFORMANCE)

27. Weisser adopts, reiterates, and incorporates by reference all facts and allegations set forth in paragraphs 1 through 26 above.

28. Weisser has performed all conditions precedent under the Agreement of Purchase and Sale between Weisser and CPH; has demanded a conveyance of the Demised Premises; and is entitled to specific performance of the Agreement of Purchase and Sale, but CPH failed and refused, and still fails and refuses to honor the Agreement of Purchase and Sale, or to execute and deliver the Demised Premises to Weisser pursuant to the terms of the Weisser/CPH contract.

29. Weisser has no adequate remedy at law because the Agreement of Purchase and Sale is a contract for the sale of real property.

## COUNT III
### (BREACH OF CONTRACT)

30. Weisser adopts, reiterates, and incorporates by reference all the facts and allegations set forth in paragraphs 1 through 29 above.

31. Weisser has fully performed all the terms, conditions and requirements of the contract.

32. CPH has breached the terms and has told Weisser that it does not intend to honor its obligations therein or convey the property to Weisser.

33. By reason thereof, CPH has breached the contract and Weisser has sustained damages therein, which damages exceed the sum of $75,000.00.


FARMER, KELLEY,
BROWN & WILLIAMS
ATTORNEYS AT LAW
302 W. FIFTH STREET • P.O. DRAWER 490
LONDON, KENTUCKY 40743-0490

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael H. Weisser, hereby demands relief as follows:

1. A declaration by the court as to the rights and duties of the parties herein under the Wal-mart Lease, the Agreement of Purchase and Sale, and the Purchase Agreement documents, confirming the superior rights of Weisser under the Agreement of Purchase and Sale to acquire the Demised Premesis.

2. An injunction to enjoin Defendants, Wal-Mart and CPH, from proceeding to convey the Demised Premises pursuant to the Purchase Agreement.

3. That this court order CPH to perform according to the terms of the Agreement of Purchase and Sale between Weisser and CPH, and convey the Demised Premises to Weisser.

4. A trial by jury on all genuine issues of material fact, if any.

5. Pursuant to the contract between CPH and Weisser, the contract provides for payment of attorney's fees to the prevailing party. Weisser has retained a law firm of Farmer, Kelley, Brown, Williams & Breeding, and has agreed to pay them a reasonable attorney's fee. Accordingly, Weisser would ask for all costs, expenses and attorney's fees that he incurs.

6. For any and all additional relief to which Weisser may appear entitled.



FARMER, KELLEY,
BROWN & WILLIAMS
ATTORNEYS AT LAW
502 W. FIFTH STREET • P.O. DRAWER 490
LONDON, KENTUCKY 40743-0490

Respectfully submitted,

Farmer, Kelley, Brown, Williams & Breeding
502 West Fifth Street
P.O. Drawer 490
London, Kentucky 40743-0490
Telephone: (606) 878-7640
Facsimile:  (606) 878-2364

BY: *Bradford L. Breeding*
JOHN F. KELLEY, JR.
BRADFORD L. BREEDING
HAROLD F. DYCHE II
Counsel for Plaintiff,
Michael H. Weisser

HFD/BLB/cmm: 011304 Complaint (Weisser v. CP Hazard Assoc. & Wal-Mart)cac